```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**SONYA M. VARNEY,** *et al.,*

        **Plaintiffs,**
   **vs.**                                 **Civil No. 2:13-CV-346**
                                                       **Magistrate Judge King**
**INFOCISION, INC.,** *et al.,*

        **Defendants.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiffs' Motion to Remand*, Doc. No. 4. Defendants oppose *Plaintiff's Motion to Remand*, *Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand* ("*Defendants' Response*"), Doc. No. 15. Plaintiff has not filed a reply. For the reasons that follow, *Plaintiffs' Motion to Remand*, is **DENIED**.

**I.  Background**

This action was originally filed in the Court of Common Pleas for Gallia County, Ohio, and was removed to this Court on April 11, 2013 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *Notice of Removal*, Doc. No. 1. Plaintiffs Sonya M. Varney and Donald G. Varney, husband and wife, are identified as individuals residing in the State of West Virginia. *Complaint*, Doc. No. 2, ¶ 1. The *Notice of Removal* asserts that defendant InfoCision Management Corporation is a registered trade name for defendant InfoCision, Inc. *Notice of Removal*, ¶ 4. InfoCision, Inc., is a Delaware corporation with its principal place of business in Ohio. *Id*. The *Notice of Removal* also identifies the amount in controversy as exceeding $75,000, exclusive

of interest and costs.  *Id*.

Plaintiff Sonya Varney asserts claims in the original *Complaint* for wrongful constructive discharge in violation of public policy, infliction of emotional distress, and defamation, and plaintiff Donald Varney asserts a loss of consortium claim.  *Complaint*, pp. 8-12. Plaintiffs seek punitive damages "in excess of the minimum jurisdictional limits" and they "jointly demand" damages in excess of $25,000.  *Id*. at pp. 12-13.  Specifically, plaintiff Donald Varney seeks damages for the prior and future loss of consortium and services of his wife; plaintiff Sonya Varney seeks damages for past and future medical expenses, injuries to her "mind, psyche, emotional distress," and "other injuries and damages, both internally and externally," lost wages, lost earning capacity, and "humiliation, annoyance, inconvenience, embarrassment, a diminution of her ability and capacity to enjoy a normal life, emotional and mental distress, damages to reputation, and loss of personal dignity."  *Id*. at pp. 11-12. Plaintiffs allege that their injuries may be "permanent and lasting in nature" and "will continue in the future."  *Id*.

**II.  Standard**

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)).  Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states

and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)).  The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). This standard requires the moving party to demonstrate by a preponderance not only the diverse citizenship of the parties but also that the jurisdictional amount has been met.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571-72 (6th Cir. 2001); *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010).  This standard, however, "'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'"  *Hayes*, 266 F.3d at 572 (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

**III. Discussion**

It is not disputed that the parties are of diverse citizenship. The primary issue presently before the Court is whether the amount in controversy exceeds the $75,000 jurisdictional amount.  Plaintiffs argue that, as master of the complaint, they did "not make a monetary demand," and that "[t]he Plaintiff [sic] has failed to prove by a preponderance of evidence that the amount in controversy exceeds $75,000."  *Plaintiffs' Motion to Remand*, pp. 1-3.  Defendants argue that "a fair reading of the unspecified [damages]" sought by plaintiffs and a "reasonable reading of the value of the rights being litigated" demonstrate that the amount in controversy exceeds the jurisdictional requirement.  *Defendants' Response*, pp. 2-4.

3

"To satisfy the amount-in-controversy requirement at least one plaintiff's claim[s] must independently meet the amount-in-controversy specification." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 2620 (2005)).  "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000[.]"  *Id.* (quoting *Gafford*, 997 F.2d at 155.  In determining whether the removing defendant has met its burden, courts must review the damages sought by the plaintiffs in the original complaint at the time of the removal. *Hayes*, 266 F.3d at 573.  The removing defendant may carry its burden by "demonstrate[ing], through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000 if proven."  *Davis v. Kindred Nursing Ctrs. E., L.L.C.*, 2:05-cv-1128, 2006 U.S. Dist. LEXIS 11425, at *3 (S.D. Ohio Mar. 2, 2006) (citing *Long v. McKesson HBOC Red Line Healthcare*, No. C2-01-1226, 2002 WL 1578840, at *2 (S.D. Ohio Apr. 26, 2002); *Hayes*, 266 F.3d at 573 ("We agree that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.")).

In the case presently before the Court, plaintiffs seek damages in excess of $25,000, although the precise amount sought is unspecified.  *Complaint*, p. 13.  Plaintiff Sonya Varney seeks damages for, *inter alia*, lost wages and benefits as a result of her alleged wrongful constructive discharge.  *Id.* at pp. 11-12.  The *Complaint*

4

also alleges that plaintiff Sonya Varney earned $45,000 annually while working for defendants and that she was constructively discharged from her employment on May 31, 2012. *Id*. at p. 8. In addition, plaintiff Sonya Varney also seeks punitive damages and damages for lost earning capacity, past and future medical expenses, injuries to her "mind, psyche, emotional distress," "humiliation, annoyance, inconvenience, embarrassment, a diminution of her ability and capacity to enjoy a normal life, emotional and mental distress, damages to reputation, and loss of personal dignity." *Id*. at pp. 11-12. Accordingly, the Court concludes that, although the *Complaint* does not set forth with specificity the amount of monetary damages allegedly sustained, *see e.g., id*. at p. 11 ("Plaintiff Varney has been caused to incur divers and sundry hospital and medical expenses for medical care and attention to date in an amount as yet undetermined . . . ."), a "fair reading of the unspecified . . . damages sought by" plaintiff Sonya Varney demonstrates that the amount in controversy requirement has been met in this case.[1] *See Hayes*, 266 F.3d at 573.

Accordingly, this Court is vested with diversity jurisdiction because the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. *Plaintiffs' Motion to Remand*, Doc. No. 4, is therefore **DENIED**.

---

[1] Because plaintiff Sonya Varney's claims independently meet the amount in controversy requirement, the Court need not and does not consider whether plaintiff Donald Varney's claims independently meet the amount in controversy requirement or whether they may be aggregated with plaintiff Sonya Varney's claims. *See Everett*, 460 F.3d at 824, 828 (finding that two or more plaintiffs may aggregate their claims to satisfy the amount in controversy requirement only if the plaintiffs have a joint interest in a common fund from which they seek relief).

5

June 25, 2013                                       *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge