```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**SONYA M. VARNEY,** *et al.,*

    **Plaintiffs,**

  **vs.**                                          **Civil No. 2:13-CV-346**
                                                          **Magistrate Judge King**

**INFOCISION, INC.,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This action was removed to this Court on April 11, 2013 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, *Notice of Removal*, Doc. No. 1, and defendants filed a motion to dismiss on April 18, 2013, Doc. No. 5.  On May 1, 2013, plaintiffs filed an *Amended Complaint*, Doc. No. 13, which rendered moot defendants' motion to dismiss the original *Complaint*.  *See Preliminary Pretrial Order*, Doc. No. 28, p. 2.  Nevertheless, plaintiffs filed a response to defendants' motion to dismiss, Doc. No. 14, on the same day that they filed the *Amended Complaint*.

On May 15, 2013, defendants filed a motion to dismiss the *Amended Complaint*, Doc. No. 17.  Plaintiffs filed a response to that motion, Doc. No. 18, and defendants filed a reply, Doc. No. 24.  This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of plaintiffs' motion for an extension of time to file a response to defendants' motion to dismiss, Doc. No. 17.  *Plaintiffs' Motion*, Doc. No. 25.  Plaintiffs argue that, when their response to defendants' motion to dismiss the *Amended Complaint*, "a now former employee of Plaintiffs' Counsel inadvertently

filed a previously filed document [i.e., Doc. No. 14] instead of the correct document." *Id*. at p. 2.  Plaintiffs have attached to their motion the "correct document" that "should have been filed" on May 28, 2013 in response to defendants' motion to dismiss the *Amended Complaint*; a copy of the response with an updated certificate of service has also been filed as Doc. No. 26.

Defendants oppose *Plaintiffs' Motion,* arguing that the proposed response is untimely under S.D. Ohio Civ. R. 7.2(a)(2) and that plaintiffs failed to act promptly in discovering their error. *Defendants' Response*, Doc. No. 29, pp. 2-3.  To permit plaintiffs to now correct their error, defendants argue, will work to their prejudice because they have expended time and money in filing their reply.  Defendants also ask that, if plaintiffs are permitted to file a new response, defendants should be awarded attorneys' fees in connection with the filing of their original reply.  *Id*.

Plaintiffs respond, Doc. No. 30, arguing, *inter alia*, that defendants should not be awarded attorneys' fees because defendants' counsel knew of plaintiffs' mistake prior to filing their reply and failed to bring that mistake to plaintiffs' attention.  *Id*. at p. 2. Specifically, plaintiffs argue that defendants "pointed out in [their] Reply that the document filed as Plaintiffs' Doc. 18 appeared to be the same as a previous document filed by the Plaintiffs" and that the document had the same "Certificate of Service" date as the previously filed document.  *Id*.

"[T]rial courts have inherent power to control their dockets," *Anthony v. BTR Automotive Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003) (citing *Gould v. Wood/Chuck Chipper Corp.*, Nos. 99-1544,

2

99-1707, 2000 WL 1234334 (6th Cir. Aug. 25, 2000)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (trial courts possess "inherent power" to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases"); *Dallman Acquisition, LLC v. Dallman*, No. 2:10-cv-007, 2011 WL 798093, at *2 (S.D. Ohio Mar. 1, 2011), and this Court prefers that cases, to the extent possible, be resolved on the merits of the parties' claims and defenses. *Cf Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'") (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Because plaintiffs have already filed a response to defendants' motion to dismiss, *see* Doc. No. 18, the Court construes *Plaintiffs' Motion* as a motion to amend the previously filed response. Although the Federal Rules of Civil Procedure and the local rules of this Court do not expressly provide a vehicle for the filing of an amended response beyond the time permitted for filing a response to a motion, *see S.D. Ohio Civ. R.* 7.2, the Court finds it appropriate to permit plaintiffs to amend their response to the motion to dismiss the *Amended Complaint*. To do otherwise would be to exalt technicalities to an unwarranted degree. The Court further concludes that plaintiffs were not dilatory in discovering their filing error or in filing *Plaintiffs' Motion*, that defendants will not suffer undue prejudice by reason of the amendment of plaintiffs' response, and that, under the circumstances, an award of attorneys' fees is not warranted.

Accordingly, *Plaintiffs' Motion*, Doc. No. 25, is **GRANTED** in part. Plaintiffs are **GRANTED** leave to file an amended response to

3

defendants' motion to dismiss the *Amended Complaint*, Doc. No. 17. The Court notes that plaintiffs' amended response has been filed. Doc. No. 26. The Clerk is **DIRECTED** to indicate on the docket that Doc. No. 26 is an *Amended Response* to *Defendants' Motion to Dismiss*, Doc. No. 17. Defendants may have fourteen (14) days to reply to plaintiffs' *Amended Response*.

June 25, 2013                                    *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                         United States Magistrate Judge